CORAL GABLES INVESTMENT COMPANY, a Florida Corporation, and CHARLES A. STONE, Trustee in Bankruptcy, *Appellants*, v. DELAWARE MORTGAGE COMPANY, a Delaware Corporation authorized to transact business in Florida, and J. E. EVANS, *Appellees*.

Division B.

Opinion filed April 23, 1930.

*Boone & Kirchick*, for Appellants;

*Burdine, Terry & Fleming*, for Appellee.

BUFORD, J.—This was a suit to foreclose a mortgage.

Delaware Mortgage Company, a Delaware corporation, was complainant. J. E. Evans and Coral Gables Investment Company were defendants.

After the bill was filed Coral Gables Investment Company was adjudged a bankrupt. Later in the proceedings Charles A. Stone appeared as trustee in bankruptcy for the estate of Coral Gables Investment Company. Final decree was in favor of the complainant.

There were four (4) assignments of error, as follows:

"1. The court erred in entering the order of November 5th, 1927, being a decree *pro confesso*

against Coral Gables Investment Company, a corporation.

"2.  The court erred in entering the order of January 19th, 1928, denying petition for intervention and stay of proceedings striking the answer of Coral Gables Investment Company, a corporation, and referring the cause to a master for the taking of testimony.

"3.  The court erred in entering its order of February 8th, 1928, giving final judgment against the Coral Gables Investment Company and overruling the exceptions of Coral Gables Investment Company and J. E. Evans to the findings and conclusion of the Master.

"4.  The court erred in entering the order of March 15th, 1928, overruling exceptions to the Master's report of sale and objections to the confirmation thereof and in confirming said sale."

Both solicitors for the appellants and for the appellees have filed able and exhaustive briefs thoroughly presenting the questions raised by the assignments of error, but when all that has been said has been carefully considered, we find that each assignment of error is based upon an order or ruling made in the exercise of judicial discretion vested in the chancellor.

After a study of the record and applying the argument of respective solicitors to the same, we are unable to say that the chancellor so grossly abused the judicial discretion vested in him when exercising the same in regard to the matters complained of as to require a reversal of the decree appealed from and where an appellant relies for reversal upon the alleged abuse of judicial discretion of the chancellor the burden is upon the appellant to clearly

show such abuse and injury to the appellant flowing from such abuse. The appellant in this case has not made such showings.

The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., not participating.